*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ADAM RUSSELL,

        Plaintiff-Appellant,

v

BLACK DIAMOND FIREWORKS, LLC, also
known as PRO FIREWORKS,

        Defendant-Appellee,

and

AMERICAN EAGLE SUPERSTORE, INC., also
known as BIG FIREWORKS, and PHOENIX
IMPORTS, INC.,

        Defendants.

UNPUBLISHED
December 16, 2025
9:21 AM

No. 373769
Ingham Circuit Court
LC No. 2022-000347-NO

Before: SWARTZLE, P.J., and O'BRIEN and BAZZI, JJ.

PER CURIAM.

        In this negligence action, plaintiff, Adam Russell, appeals as of right the trial court's order granting summary disposition to defendant, Black Diamond Fireworks, LLC, also known as Pro Fireworks, under MCR 2.116(C)(10) (genuine issue of material fact).[1] For the reasons set forth in this opinion, we reverse the trial court's order and remand this matter for further proceedings.

---

[1] All references to defendant solely pertain to Black Diamond Fireworks, LLC, because defendants American Eagle Superstore, Inc., also known as Big Fireworks, and Phoenix Imports, Inc., are not parties to this appeal. The latter defendants were dismissed during the lower court proceedings, and plaintiff does not contest their dismissal on appeal.

## I.  BASIC FACTS AND PROCEDURAL HISTORY

This case arises from injuries that plaintiff alleges were sustained at a student event held at the Michigan State University (MSU) campus, during which defendant operated a fireworks display.  On October 15, 2021, plaintiff took part in the "Izzone Campout Event" with his girlfriend, Lauren Hackett, and his roommate, Gavin Wink, in which MSU students camped on the Munn Intramural Field for several days to secure spots for the upcoming men's basketball games.  Defendant agreed to conduct a fireworks presentation at the campout as a personal favor to the MSU basketball coach.  In anticipation of the event, defendant set up the launch platform for the fireworks exhibition in an adjacent parking lot, designating a spectator safety zone of approximately 150 feet between the launch site and the campout event stage.  Thomas Miller, an MSU fire marshal, approved defendant's preparation of the launch site, under the belief that the audience would be situated at a safe distance from the launch area, as the buffer zone exceeded the guidelines set by the National Fire Protection Association.

After defendant launched the fireworks at approximately 10:00 p.m., plaintiff, positioned approximately 20 to 30 feet from the stage, was struck in his right eye by an unknown object, resulting in permanent central vision loss in that eye.  Plaintiff testified that he was looking skyward when the impact occurred approximately 10 to 15 minutes into the fireworks show, and that a "heavy [and] metal" object, comparable in weight to a "pool ball," hit him in the face.  While plaintiff was initially unsure of the exact nature of the projectile, he ultimately concluded that he was contacted by a stray firework.  Paramedics accompanied plaintiff to the hospital, where medical personnel removed debris that was not "just dirt or rocks" from his eye.  Plaintiff appeared to be the only person significantly injured during the fireworks exhibition, and the pertinent parties were unable to recover the object that caused plaintiff's harm.

Sergeant Jason Luther, an officer employed by the MSU Department of Public Safety, testified that he was patrolling the field during the fireworks display, and he saw that the fireworks were detonating at a low altitude and in close proximity to spectators.  Hackett further asserted that she noticed a "small fire" in the fireworks launch area, which did not "look right."  Detective Jamie Izen of the MSU Department of Public Safety additionally recalled that as she was standing in the western section of the field, there were various "projectiles from the sky" striking, but not injuring, her person, and that her coat was covered in "yellow powder."

Both Miller and Max Roxbury, an employee of defendant, testified that solely "consumer grade" fireworks were used for the fireworks exhibition.  Roxbury further expressed that he was unaware of any fireworks featuring "any parts or pieces that are heavy, like a pool ball," because only professional-grade fireworks may contain such "pool ball style item[s]."  Roxbury also expressed that the only object heavier than cardboard that may be released from the firework cylinders were the "plugs" that capped its ends, which themselves were made of cardboard, and none of the released fireworks misfired.  However, MSU Department of Public Safety Captain David Osmund asserted that Miller informed him that a "couple" of the fireworks defendant employed during the fireworks presentation featured a "clay plug" that separated from the device when launched.

Charles Weeth, plaintiff's expert witness and a "pyrotechnic operator" with 40 years of experience in the fireworks industry, advanced that the object that struck plaintiff "more likely

than not . . .was either a dud firework shell or hazardous debris from a firework shell that came down." Weeth was unable to determine precisely what type of firework injured plaintiff, but he asserted that the "shoot list," detailing the fireworks deployed by defendant during the fireworks presentation, was inaccurate. Weeth explained that the list included several devices that were not depicted in the photographs capturing the fireworks used for the exhibition, including a photograph of the cargo being loaded in defendant's truck before being transported to the launch site. Weeth further expressed that it was possible that the utilized fireworks, while labeled as consumer grade, may contain greater amounts of gunpowder than permitted by federal law, and feature aerial shells spanning 2 to 3 inches in diameter. Weeth additionally noted that based on his review of various videos posted on defendant's website, certain fireworks appeared larger than 1 ¾ inches in external diameter, rendering these fireworks noncompliant with the United States Consumer Product Safety Commission standards. Moreover, due to the size of these larger shells, Weeth expressed that the implemented safety zone should have been 210 feet from the launch platform. Weeth reiterated that a "dud firework," a firework that fails to ignite or function as intended, likely struck plaintiff, and any aerial shell spanning 1 to 3 inches in diameter maintained sufficient mass and velocity to cause injury upon contact.

In June 2022, plaintiff commenced the underlying action, alleging negligence, or, in the alternative, a res ipsa loquitor claim, against defendant, and contending that defendant's failure to properly examine, position, and deploy the fireworks caused plaintiff's harm. Defendant moved for summary disposition under MCR 2.116(C)(10) asserting that plaintiff failed to present any "testamentary or physical evidence as to what struck him and caused his eye injury," or that defendant "violated any state or federal law with regarding to the Izzone Campout fireworks display." Defendant further argued, "In the absence of any proof as to a breach of duty or causal connection between the fireworks display at the Izzone Campout and Plaintiff's injury, Plaintiff cannot satisfy his burden of proof" as to his claims. Plaintiff responded, "There is a question of material fact whether Plaintiff was struck in the eye by an unexploded mortar or hazardous firework debris as a direct and proximate result" of defendant's negligence, and that he presented extensive evidence regarding the subject incident, including medical records, expert testimony, and witness testimony.

Following a motion hearing, the trial court awarded summary disposition to defendant opining:

> Well, this is certainly an unfortunate incident and injury for plaintiff. I do think it falls within the realm of there are just some cases you can't prove. I think this is within the realm of asking the jury to speculate as to what caused the injury when there was nothing seen, nothing found.
>
> The speculation that we would ask the jury to engage in to get to the first step that they have to find, which is that there was something connected to the fireworks display that caused the injury before you get to the issue of negligence or failing to set up the show with a far enough or big enough distance between the audience and the display.
>
> It does not appear that there is sufficient evidence—circumstantial evidence being allowed, of course. Viewing this in the light most favorable to the plaintiff,

it does not appear to me that there is sufficiently substantial evidence on which the jury could conclude that proposition that the plaintiff makes that it was more likely than not that it was caused by a firework shell.

So I am going to grant the motion, unfortunately, for the plaintiff in this case, who appears to have been significantly injured.

On November 27, 2024, the court entered an order consistent with its statements on the record. This appeal ensued.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary deposition is reviewed de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Id*. at 160. "Summary disposition under MCR 2.116(C)(10) is proper if there is no genuine issue about any material fact and the moving party is entitled to judgment as a matter of law." *Charter Twp of Canton v 44650*, *Inc*, 346 Mich App 290, 308; 12 NW3d 56 (2023). In reviewing the trial court's decision, this Court "considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Id*. (quotation marks and citation omitted). "Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party must not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Lowrey v LMPS & PMPJ*, *Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018) (quotation marks and citation omitted).

## III. ANALYSIS

Plaintiff argues that the trial court improperly granted summary disposition on his negligence claim. We agree.

"To establish a prima facie case of negligence, a plaintiff must prove that (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Hill v Sears, Roebuck & Co*, 492 Mich 651, 660; 822 NW2d 190 (2012). "The causation element of a negligence claim encompasses both factual cause (cause in fact) and proximate, or legal, cause." *Powell-Murphy v Revitalizing Auto Communities Environmental Response Trust*, 333 Mich App 234, 245; 964 NW2d 50 (2020). "Factual cause generally requires showing that 'but for' the defendant's actions, the plaintiff's injury would not have occurred. Proximate cause, by contrast, normally involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences." *Id*. at 245-246 (quotation marks and citation omitted). "A plaintiff must necessarily establish factual cause in order to establish proximate cause. While factual causation may be established with circumstantial evidence, the evidence must support reasonable inferences of causation, not mere speculation." *Id*. at 246 (quotation marks and citations omitted). Consequently, "to provide circumstantial evidence that permits a reasonable

inference of causation, a plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred." *Id*. (quotation marks and citation omitted). "The mere possibility of causation is insufficient to survive summary disposition." *Id*.

In the present case, the trial court determined that summary disposition was warranted because there was insufficient evidence to establish the element of factual causation underlying plaintiff's negligence claim. The court ruled the matter was "within the realm of asking the jury to speculate as to what caused the injury when there was nothing seen, nothing found," and plaintiff neglected to demonstrate that "it was more likely that not that [his injury] was caused by a firework shell." However, to prove causation, "a plaintiff need not prove that an act or omission was the *sole* catalyst for his injuries," rather, the plaintiff "must introduce evidence permitting the jury to conclude that the act or omission was *a* cause." *Craig ex rel Craig v Oakwood Hosp*, 471 Mich 67, 87; 684 NW2d 296 (2004). Stated alternatively, a plaintiff need not negate all other possible causes in order to survive summary disposition; "[a]ll that is necessary is that the proof amount to a reasonable likelihood of probability rather than a possibility." *Skinner v Square D Co*, 445 Mich 153, 166; 516 NW2d 475 (1994) (quotation marks and citation omitted).

Viewed in the light most favorable to plaintiff, *Lowrey*, 500 Mich at 7, plaintiff has established a genuine issue of material fact concerning whether a "dud firework," or debris related to fireworks exhibition, was the object that impacted him. In his deposition testimony, Wink asserted that plaintiff's injury transpired approximately 10 minutes into the fireworks presentation, and Detective Izen expressed that she saw various debris falling from the sky as she was standing on the field during the fireworks display. Hackett, Sergeant Luther, and MSU Department of Public Safety Sergeant Jessica Mitchell further corroborated that the fireworks were exploding at a low altitude, in close proximity to spectators, and with debris. Medical documentation additionally indicated that both the paramedics and hospital staff believed that there was debris in plaintiff's eye, which Weeth affirmed was consistent with an injury arising from a dud firework, specifically fireworks featuring 2 or 3-inch aerial shells.

Defendant argued in the trial court, and continues to argue on appeal, that there was "no evidence to present to the jury to determine whether he was struck by a firework, a rock, a ball, a fist, a bottle, an elbow, a shoe, anything." But a "plaintiff is not required to produce evidence that positively eliminates every other potential cause. Rather, the plaintiff's evidence is sufficient if it 'establishes a logical sequence of cause and effect, notwithstanding the existence of other plausible theoriesnhjbnh, although other plausible theories may also have evidentiary support.' " *Skinner*, 445 Mich at 159-160 (citation omitted). While defendant characterizes plaintiff's causation theory as mere speculation, the aforementioned testimony delineates a sequence of events—from the deployment of the fireworks to plaintiff's injury—such that there was a reasonable likelihood of probability a stray firework or shell may have struck plaintiff. *Id*. at 166. Moreover, despite defendant's contentions to the contrary, the discrepancies between the testimonies of defendant's employees and Weeth concerning the exact type of fireworks used during the subject exhibition and the proper minimum safety zone constituted conflicts in evidence that should not be resolved on summary disposition. *Barnes v 21st Century Premier Ins Co*, 334 Mich App 531, 540; 965 NW2d 121 (2020).

In light of the foregoing, a reasonable juror could conclude that a stray firework or shell may have struck plaintiff, and the offered evidence established more than an accident took place. *Skinner*, 445 Mich at 174. In considering plaintiff's statements, the medical evidence indicating the presence of a foreign object in his eye, the debris seen in the vicinity, and Weeth's expert testimony in the light most favorable to plaintiff, there is a plausible causal relationship between defendant's fireworks exhibition and plaintiff's injuries. Accordingly, the trial court improperly granted defendant's motion for summary disposition on this basis.[2]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Colleen A. O'Brien
/s/ Mariam S. Bazzi

---

[2] Plaintiff further argues that there was a genuine issue of material fact concerning defendant's breach of duty. However, as we have resolved that plaintiff is entitled to relief on factual-causation grounds, we decline to address this issue on appeal.